**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA CANALES, *on behalf of herself and those similarly situated,*

                    Plaintiff,

vs.

GOLDEN PEAR FUNDING II, LLC;
GOLDEN PEAR FUNDING OPCO, LLC;
DANIEL AMSELLEM;
and JOHN DOES 1 to 10,

                    Defendants.

~~FIRST~~SECOND **AMENDED CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**

Civil Action No. 1:24-cv-6512

## I.    NATURE OF THE CASE

1.     This is a putative class action arising from Defendants Golden Pear Funding II, LLC's, Golden Pear Funding OpCo, LLC's, and Daniel Amselem's usurious lending practices and unlawful engagement in the consumer loan business without first obtaining a license to engage in business as a consumer lender or sales finance company as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA"),[1] at N.J.S.A. 17:11C-3.

2.     Further, Defendants are not registered to do business in the State of New Jersey and have failed to be licensed under New Jersey law. As a result of Defendants' unlicensed status, the loan agreement was void *ab initio* pursuant to the NJCFLA at N.J.S.A. 17:11C-33(b).

3.     Plaintiff and the putative Class members are New Jersey consumers to whom Defendants have issued usurious loans without the legally required licensure.

4.     Thus, Plaintiff brings this action on behalf of herself and a Class of other New

---

[1] N.J.S.A. 17:11C-1 to -49

Jersey consumers who were subject to the unlawful and usurious lending practices by Defendants. Plaintiff and the putative Class members seek relief under the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA"), and the Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA"), including a declaratory judgment that Defendants may not seek amounts owed on any alleged loans and an injunction against these improper lending practices by Defendants.

5.      Additionally, Plaintiff seeks monetary damages including treble damages under the CFA, and disgorgement based on Defendants' unjust enrichment.

## II.    JURISDICTION AND VENUE

6.      The Court's jurisdiction to adjudicate this matter arises under 28 U.S.C. § 1332(d).

7.      The Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(1) to (d)(11), provides for original jurisdiction in federal court of any claim brought under Rule 23 of the Federal Rules of Civil Procedure or any similar state statute authorizing a person to represent a class of claimants. 28 U.S.C. § 1332(d)(1)(B).

8.      To establish jurisdiction in this Court, the amount in controversy arising from the aggregate class claims must exceed $5,000,000 and the putative class must have at least 100 members, at least one of which who is of diverse citizenship from any defendant ("minimal diversity"). 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

9.      Based on the class claims asserted by Plaintiff on behalf of herself and those similarly situated, Plaintiff believes in good faith that the amount in controversy exceeds $5,000,000.00 and that there are greater than 100 putative class members.

10.     Further, minimum diversity is established as Plaintiff is domiciled in and a citizen

of the State of New Jersey and at least one Defendant is, upon information and belief, a citizen of the State of New York, as well as a citizen of the State of Delaware.

11.     Defendants allege venue is proper in New York as the Agreement contains a Forum Selection Clause which states in part "[i]n lieu of arbitration either party has the right to file suit in a court in the State of New York, County of New York, and each of the parties agrees to the exclusive jurisdiction of such courts . . . ." See attached decision from the Law Division, Essex County, of the Superior Court of New Jersey as **Exhibit A**.

### III.    PARTIES

12.     Plaintiff, Maria Canales is a New Jersey resident and natural person.

13.     At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey.

14.     Defendant Golden Pear Funding II, LLC ("GPF") is a foreign limited liability company ~~with its~~ formed under the laws of the State of New York, and whose corporate headquarters are located in the State of New York.

~~15.     Upon information and belief, GPF is a citizen of the State of New York and a citizen of the State of New Jersey.~~

~~16.     Defendant Golden Pear Funding OpCo, LLC ("OpCo") is a foreign limited liability company formed under the laws of the State of Delaware.~~

~~17.     Upon information and belief, OpCo is a citizen of the State of Delaware.~~

~~18.     Upon information and belief, OpCo is an officer and/or managing member of GPF.~~

~~19.~~15.  Defendant Daniel Amsellem is the principal and registered agent for Defendant GPF, therefore exercises control over the actions of GPF.

~~20.~~16.  Upon information and belief, Amsellem is a citizen of the State of New Jersey.

17.     Upon information and belief, Defendant Golden Pear Funding OpCo, LLC ("OpCo") is an officer and/or managing member of GPF and therefore exercises control over the actions of GPF.

18.     OpCo is a foreign limited liability company incorporated under the laws of the State of Delaware; OpCo is a citizen of the State of Delaware.

19.     Thus, GPF is a citizen of the State of New York, a citizen of the State of New Jersey, and a citizen of the State of Delaware.

20.     Minimum diversity of the parties is therefore established as Plaintiff is a citizen of New Jersey, GPF is a citizen of New York, New Jersey, and Delaware, and OpCo is a citizen of Delaware.

21.     Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the Defendants that are the subject of this First Amended Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this First Amended Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

22.     Some or all of John Does 1-10 set the policies and practices complained of herein.

23.     Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

24.     In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    PRIOR LITIGATION

25.    Plaintiff initially brought her claims in the Superior Court of New Jersey, Essex County. Plaintiff's action in that court was commenced on October 9, 2023, and is identified by that court as Docket No. ESX-L-6568-23.

26.    Defendants filed a motion to dismiss for lack of jurisdiction, which the Court granted. By Order [Trans ID: LCV20241955396] filed August 7, 2024, the court dismissed Plaintiff's Complaint without prejudice and, in the accompanying Statement of Reasons, stated: "[f]or these reasons, the Court dismisses the Complaint, albeit without prejudice to proceed to litigate this case in a New York court."

27.    In accordance with the August 7, 2024 Order filed under Docket No. ESX-L-6568-23, Plaintiff files this First Amended Complaint.

## V.    FACTUAL ALLEGATIONS

28.    ~~Defendants are~~GPF is in the business of providing loans to victims in personal injury litigation. They target people who are injured and are in need of money for daily expenses and bills while their personal injury cases are pending.

29.    As managing members of GPF, Amsellem and OpCo substantially control the actions of GPF by, *inter alia*, dictating GPF's conduct and by setting policies and/or practices that dictate GPF's actions.

~~29.~~30.  On October 10, 2017, Plaintiff entered into a loan agreement ("Loan") with GPF (attached hereto as **Exhibit B**); however, the Loan was void *ab initio* by mechanism of the NJCFLA at N.J.S.A. 17:11C-33(b), which states that any contract for a loan which violates the NJCFLA licensure provisions "shall be void and the lender shall have no right to collect or receive any principal, interest or charges . . . ."

~~30.~~31.   Additionally, the Loan charged for interest and fees which exceed the lawful

maximum.

~~31.~~32.   First, ~~Defendants~~GPF charged bogus fees such as an "Administrative Fee: $250.00" and a "Federal Express Overnight Delivery** $35.00 Fee[.]"

~~32.~~33.   The principal amount of the Loan was $1,500.00; after one year, the Loan's repayment plan dictates repayment in the amount of $2,495.08, including $995.08 in accumulated interest, which means the interest rate charged on the Loan for the first year was approximately 66%.

~~33.~~34.   After two years, the Loan's repayment plan dictates repayment in the amount of $3,557.39, including $2,057.39 in accumulated interest, which means the interest rate charged on the Loan after the second year was approximately 69%.

~~34.~~35.   This agreement constituted a "consumer loan" to Plaintiff who is a "borrower" as both terms are defined by the NJCFLA. *See* N.J.S.A. 17:11C-2.

~~35.~~36.   The agreement set forth a loan under the NJCFLA. *See* N.J.S.A. 17:11C-2.

~~36.~~37.   The loan agreement made to Plaintiff under the loan occurred within the 6-year period preceding the filing of this Complaint when it was filed in the Superior Court of New Jersey on October 9, 2023.

~~37.~~38.   GPF is a consumer lender as defined by the NJCFLA. *See* N.J.S.A. 17:11C-2.

~~38.~~39.   GPF is a consumer lender who is legally required to be licensed because GPF engaged in the "consumer loan business" by making loans in amounts less than $50,000 that are used primarily for personal, family or household purposes.

~~39.~~40.   Since GPF failed to be licensed under the CFLA, the loan to Plaintiff was void *ab initio* pursuant to N.J.S.A. 17:11C-33(b).

~~40.~~41.   Since GPF is unlicensed, they cannot charge any interest on open-end loans since

only "[a] licensee authorized to engage in the consumer loan business may make open-end consumer loans and may contract for, and receive thereon, interest at an annual percentage rate or rates agreed to by the licensee and the borrower." N.J.S.A. 17:11C-36.

41.42.  Further, DefendantsGPF failed to provide the disclosures mandated by the Truth-in-Lending Act ("TILA"), such as the annual percentage rate of the Loan and the interest rate of the Loan.

42.43.  DefendantsGPF, OpCo, and Amsellem hid from Plaintiff that they wereGPF was not licensed under the NJCFLA. Therefore, Defendants frustrated Plaintiff's ability to make an informed decision with respect to the Loan.

43.44.  Had Plaintiff known the Loan was void pursuant to the NJCFLA, Plaintiff would not have paid the Loan let alone enter into an unlawful contract.

## VI.    CLASS ACTION ALLEGATIONS

44.45.  Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45.46.  Subject to discovery and further investigation which may require Plaintiff to modify the following Class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class and Subclass initially defined as follows:

> **Class**: All natural persons with addresses in the State of New Jersey who, from October 7, 2017, to the present, entered into a loan contract with any of the Defendants.

> **Subclass**: All members of the Class who paid any money or from whom any of the Defendants collected any money.

46.47.  Plaintiff seeks declaratory and injunctive relief, treble damages, statutory damages, actual damages, restitution, and attorney's fees and costs on behalf of herself and the Class members under the claims asserted herein.

47.48.  The Class and Subclass for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48.49.  There are questions of law and fact common to the members of the Class and Subclass that predominate over questions affecting only individuals, including but not limited to:

A.     Whether Defendants areGPF is a "consumer lender[s]" subject to the requirements of the NJCFLA;

B.     Whether OpCo and Amsellem are liable for GPF's actions based on their control of GPF;

B.C.    Whether Defendants' conduct, including entering into consumer loans with Plaintiff and those similarly situated without being licensed under and complying with the NJCFLA constitutes an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

C.D.    Whether Defendants' assessment of interest and attempted collection of consumer loans from Plaintiff and those similarly situated was made in connection with of the sale of merchandise within the meaning of the CFA at N.J.S.A. 56:8-2;

D.E.    Whether Defendants' conduct, including entering into usurious consumer loans with Plaintiff and those similarly situated without adequate disclosures of finance charges or interest rates constitute an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

E.F.    Whether Defendants' conduct, including entering into consumer loans with Plaintiff and those similarly situated without adequate disclosures of finance charges or interest rates constitute an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

F.G.    Whether Defendants areGPF is a "seller[s], lessor[s], creditor[s], lender[s] or bailee[s]" subject to the requirements of TCCWNA at N.J.S.A. 56:12-15;

G.H.    Whether the loan agreementagreements issued by DefendantsGPF to Plaintiff and those similarly situated is a "consumer contract, warranty, notice or sign" within the meaning of TCCWNA at N.J.S.A. 56:12-15 and N.J.S.A. 56:12-16;

H.I.     Whether Defendants violated TCCWNA;

I.J.      Whether Plaintiff and those similarly situated are entitled equitable relief including a declaration that the ~~Defendants'~~GPF's lending activities are unlawful and the loans are void *ab initio*; and

J.K.      The amounts that the Class and Subclass are entitled to recover from Defendants for damages (including statutory, actual, and treble damages), disgorgement, and restitution.

~~49.~~50.  There are questions of law and fact common to the members of the Subclass that predominate over questions affecting only individuals, including but not limited to:

A.      The equitable relief Subclass A may be entitled to relating to amounts collected from them when Defendants were not properly licensed under the NJCFLA and pursuant to the CFA at N.J.S.A. 56:8-19;

B.      Whether Plaintiff and those similarly situated suffered an ascertainable loss in the form of all amounts alleged owed or paid to Defendants or their agents as a result of Defendants' collection attempts when they were not licensed under the NJCFLA;

C.      Whether Plaintiff and those similarly situated are entitled to treble damages for all ascertainable losses incurred pursuant to the CFA at N.J.S.A. 56:8-19.

~~50.~~51.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. A class action will cause an orderly and expeditious administration of the claims of the Class and Subclass and will foster economies of time, effort and expense by avoiding thousands of individual suits that will be based on the same legal theories that can be resolved in a single proceeding.

~~51.~~52.  Plaintiff's claims are typical of the claims of the members of the Class and the Subclass. She is a member of both the Class and Subclass.

~~52.~~53.  The questions of law and/or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

~~53.~~54.  Plaintiff does not have interests antagonistic to those of the Class and Subclass.

~~54.~~55.  The Class and Subclass are readily identifiable; Defendants have records of each

loans and collections when they were not properly licensed under the NJCFLA, and the payments made on those loans from Subclass members.

55.56.  Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has retained competent counsel experienced in the prosecution of consumer class action litigation. Proposed Class Counsel has investigated and identified potential claims in the action and has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

56.57.  The prosecution of separate actions by individual members of the Class and Subclass would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

57.58.  Plaintiff does not anticipate any difficulty in the management of this litigation. Plaintiff's counsel includes counsel who has tried similar class claims before a jury.

## VII.    FIRST COUNT
### Declaratory Judgment and Injunctive Relief for Plaintiff and the Class

58.59.  Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

59.60.  Defendants'GPF's lending without adequate disclosures and upon usurious terms and unlicensed status constitutes unlawful and unconscionable commercial practices and otherwise violate the Consumer Fraud Act at N.J.S.A. 56:8-2.

60.61.  Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No

person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

61.62.  A violation of section 3 in the making or collection of a loan is a crime in the fourth degree, voids the contracts governing the alleged loan(s), and precludes any further right to collect or receive any principal, interest, or charges, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

62.63.  The Defendants GPF violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

64.    Defendants' Amsellem and OpCo controlled the actions of GPF and dictated that GPF would engage in the consumer loan business without a license.

63.65.  GPF's violations of the NJCFLA constitute unconscionable commercial practices and otherwise violate the NJCFA at N.J.S.A. 56:8-2.

66.    Thus, Amsellem and OpCo are also liable for GPF's violations of the CFA as they controlled the actions of GPF.

64.67.  Plaintiff suffered ascertainable loss from Defendants' CFA violations.

65.68.  Plaintiff therefore has standing to seek injunctive and other equitable relief under the CFA, at N.J.S.A. 56:8-19.

66.69.  Moreover, under TCCWNA, Plaintiff and the putative Class members are entitled to equitable relief including "the right to petition the court to terminate a contract which violates the provisions of section 2 of this act and the court in its discretion may void the contract." N.J.S.A. 56:12-17.

67.70.  Moreover, under the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, the Plaintiff and the putative Class members are "person[s] interested under a… written contract"

and "person[s]… whose rights, status or other legal relations are affected by a statute" and therefore, they "may have determined any question of construction or validity arising under the… contract… and obtain a declaration of rights, status or other legal relations thereunder."

68.71.  Plaintiff and the putative Class members are entitled to a declaratory judgment that the loans created by Defendants' lending actions are void.

69.72.  The Plaintiff and the Class are entitled to a declaratory judgment that Defendants' interest and other charges are unlawful.

70.73.  The Defendants and their agents or others acting on their behalf should be enjoined from any further action to collect amounts not owed because of unlawful acts or interest or fees in excess of the amounts allowed by law.

**WHEREFORE**, as to Count One, Plaintiff, on behalf of herself and the Class members, hereby requests a Judgment against Defendants,

    a. Granting class certification for class-wide equitable relief under Rule 23 of the Federal Rules of Civil Procedure, and issuing a declaratory judgment applicable to the Plaintiff and putative Class, pursuant to the CFA, TCCWNA, and the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, ruling that Defendants lack the capacity to seek enforcement of any of the Plaintiff's or putative Class members' loans;'

        i. The Defendants violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so;

        ii. The Plaintiff's and putative class members' loans are void by operation of N.J.S.A. 17:11C-33(b);

        iii. That the void loans cannot be revived through reassignment;

        iv. At all relevant times hereto Defendants did not have the legal capacity to collect or receive any principal, interest or charges under the void loans, through any collection mechanism;

        v. Defendants lack the capacity to seek enforcement of any of the Plaintiff's or putative class members' loans or any judgments obtained on such loans or to enforce any judgments obtained;

b. Granting a permanent injunction against the Defendants, pursuant to the CFA and TCCWNA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to engage in consumer lending without making proper disclosures of finance charges;

c. Granting a permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to enforce New Jersey consumers' loans, including an injunction against any attempt to collect upon, enforce or assign the loans, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the loans;

d. Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling.

e. Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA and TCCWNA; and

f. For such other and further relief as the Court deems equitable and just.

## VIII.    SECOND COUNT
### New Jersey Consumer Finance License Act for Plaintiff and the Class

~~71.~~74.  Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

~~72.~~75.  Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

~~73.~~76.  A violation of section 3 in the making or collection of a loan voids the loan and precludes any further right to collect or receive any principal, interest, or charges, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

~~74.~~77.  Thus, ~~the Defendants~~GPF lacked the legal right to make and issue consumer loans when they did not hold a license required by New Jersey Law.

~~75.~~78.  Any loans made or issued by ~~Defendants~~GPF while they were not licensed under the NJCFLA is void *ab initio* and cannot be enforced.

~~76.~~79.  ~~The Defendants~~GPF violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

80.     Amsellem and OpCo are liable for GPF's violations of the NJCFLA as Amsellem and OpCo controlled the actions of GPF, including its failure to be licensed.

**WHEREFORE**, as to Count Two, Plaintiff, on behalf of herself and the Class members, hereby requests a Judgment against Defendants, jointly and severally,

- a.  Granting class certification of the Class under Rule 23 of the Federal Rules of Civil Procedure;

- b.  Awarding, to the Class, "three times any amount of the interest, costs or other charges collected in excess of that authorized by law" under the NJCFLA, at N.J.S.A. 17:11C-33(b);

- c.  Granting a permanent injunction in favor of the Class and against the Defendants prohibiting them from making any further attempts to enforce New Jersey consumers' loans, including an injunction against any attempt to collect upon, enforce or assign the loan contracts, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the loans;

- d.  Directing the Defendants to provide equitable notice relief, providing for notice to Class members of the declaratory and injunctive ruling;

- e.  Awarding Plaintiff's counsel reasonable attorneys' fees and costs;

- f.  For pre-judgment and post-judgment interest; and

- g.  For such other and further relief as the Court deems equitable and just.

## IX.     THIRD COUNT
## Damages Under the Consumer Fraud Act on Behalf of Plaintiff and the Class

77.81.  Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

78.82.  Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

79.83.  A violation of section 3 in the making or collection of a loan voids the loan and precludes any further right to collect or receive any principal, interest, or charges, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

80.84.  Thus, the Defendants GPF lacked the legal right to acquire and collect the debts when they did not hold a license required by New Jersey Law.

81.85.  Any judgment arising from an action illegally filed by Defendants GPF and/or account originated by GPF is void *ab initio* or cannot be enforced.

82.86.  The Defendants GPF violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

83.87.  Defendants' GPF's violations of the NJCFLA constitute unconscionable commercial practices and otherwise violate the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-2.

88.    Amsellem and OpCo are liable for GPF's unlawful behavior as the principals who dictated the unlawful actions of GPF.

84.89.  Plaintiff and the Class members suffered ascertainable loss(es) from Defendants' CFA violations and enforcement or attempted enforcement of void debts.

85.90.  The Subclass members suffered ascertainable loss(es) in the amount of monies paid on the void loans.

86.91.  Defendants are "persons" within the meaning of the CFA at N.J.S.A. 56:8-1.

87.92.  Defendants are "person[s]" within the meaning of the CFA at N.J.S.A. 56:8-1.

88.93.  Plaintiff and those similarly situated obtained "services" within the meaning of the CFA at N.J.S.A. 56:8-1.

89.94.  Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in connection with the sale of services in violation of the CFA at N.J.S.A. 56:8-2.

90.95.  Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in the subsequent performance of the

sale of services in violation of the CFA at N.J.S.A. 56:8-2.

91.96.  Defendants committed unconscionable commercial practices, deception, fraud,

false promises, false pretenses and/or misrepresentations in direct violation of the CFA at

N.J.S.A. 56:8-2 by:

   a.  Making loans without proper disclosures of the finance charges for the open-end loans including mandatory disclosures under the Truth-in-Lending Act;

   b.  Making and issuing consumer loans without the licensure legally required by the CFLA;

   c.  Making usurious loans;

   d.  Representing, explicitly or impliedly, in documents and related communications with Plaintiff and those similarly situated that they had the right to collect the amounts claimed to be and interest or fees on open end consumer loans; and

   e.  Demanding and accepting payments from Plaintiff and those similarly situated on the open-end consumer loans.

92.97.  As a result of Defendants' unlawful actions, Plaintiff and the Class members

suffered ascertainable loss from Defendants' CFA violations in the amount monies allegedly

owed, collected, and/or paid on the void loans, entitling them to treble damages under the CFA,

at N.J.S.A. 56:8-19.

   **WHEREFORE**, as to Count Three, Plaintiff, on behalf of herself and the putative Class

members, hereby requests a Judgment against Defendants,

   a.  Granting class certification of the Class under Rule 23 of the Federal Rules of Civil Procedure;

   b.  Awarding treble damages under the CFA, at N.J.S.A. 56:8-19;

   c.  Granting a permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to enforce New Jersey consumers' loans, including an injunction against any attempt to collect upon, enforce or assign the loans, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the loans;

   d.  Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling;

e.  Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19;

f.  For pre-judgment and post-judgment interest; and

g.  For such other and further relief as the Court deems equitable and just.

## X.    FOURTH COUNT
### Damages under the Truth-in-Consumer Contract, Warranty and Notice Act
### On Behalf of Plaintiff and the Class

~~93.~~98.  Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

~~94.~~99.  Defendants violated the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq*.

~~95.~~100.    TCCWNA prohibits creditors and other businesses from using contracts or notices in transactions with consumers that contain provisions that violate the consumer's rights or the business's responsibilities under New Jersey or federal law.

~~96.~~101.    Plaintiff and others similarly situated are consumers under TCCWNA.

~~97.~~102.    GPF is a seller, creditor, and or assignee under TCCWNA.

~~98.~~103.    The loan agreements made and issued by ~~Defendants~~GPF to Plaintiff and the Class members constitute contracts under the TCCWNA.

~~99.~~104.    The loan agreements made and issued by ~~Defendants~~GPF to Plaintiff and the Class members violate the clearly established rights of consumers under New Jersey law, including the federal TILA, New Jersey usury laws, the CFLA, and the CFA.

~~100.~~105.    The loan agreements made and issued by ~~Defendants~~GPF to Plaintiff and the Class members demanded interest and fees in excess of the amount permitted by New Jersey law, what was commercially reasonable or in good faith under the circumstances, and New Jersey law.

106.    Amsellem and OpCo are liable for GPF's unlawful behavior as the principals who

dictated the unlawful actions of GPF.

~~101.~~107.        Plaintiff and others similarly situated were harmed (aggrieved) by the loan agreements made and issued by Defendants to Plaintiff and the Class members, which demanded unlawful amounts for interest and fees as it exceeded the lawful maximums.

~~102.~~108.        Plaintiff and all others similarly situated are thus entitled to statutory damages of at least $100 per document and actual damages plus attorneys' fees, and costs pursuant to TCCWNA at N.J.S.A. 56:12.

**WHEREFORE,** as to Count Four, Plaintiff, on behalf of herself and the Class, respectfully prays for relief as follows:

a. Granting class certification of the Class under Rule 23 of the Federal Rules of Civil Procedure;

b. For a declaratory judgment that Defendants violated TILA, New Jersey usury laws, CFLA, the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et seq.;

c. For injunctive relief prohibiting Defendants from carrying out future violations similar to the violations alleged herein;

d. For injunctive relief prohibiting Defendants or its successors in interest from collecting balances or collecting on judgments obtained from members of the Class and Subclass;

e. For an order of restitution in an amount to be determined at trial to restore to all affected obligors all money acquired by Defendants or its successors in interest by means of its unlawful, unfair and fraudulent practices and all interest and profit earned thereon;

f. For actual damages;

g. For maximum statutory damages pursuant to the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et. seq.; and all other applicable statutes;

h. For reasonable attorney's fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:12-17, and all other applicable statutes;

i. For pre-judgment and post-judgment interest; and

j.   For such other and further relief as the Court deems equitable and just.

### XI.   FIFTH COUNT
### Usury on behalf of Plaintiff and the Class

~~103.~~109.         Plaintiff repeats and realleges all prior allegations as if set forth at length

herein.

~~104.~~110.         N.J.S.A. 31:1-3 makes it unlawful to charge interest at a rate exceeding

16% per year for written contracts.

~~105.~~111.         Further, N.J.S.A. 2C:21-19 makes it a criminal offense to charge interest

at a rate exceeding 30% per year for written contracts.

~~106.~~112.         The loans made by ~~Defendants~~GPF and issued to Plaintiff and the Class

members greatly exceed the allowable and lawful interest rate for loans in the State of New

Jersey.

113.     Amsellem and OpCo are liable for GPF's unlawful behavior as the principals who

dictated the unlawful actions of GPF.

~~107.~~114.         As a result of Defendants' unlawful and usurious lending practices,

Defendants forfeit all rights and claims to any interest accumulated on Plaintiff's or the Class

members' loans. *See* N.J.S.A. 31:1-3.

~~108.~~115.         As a result of Defendants' unlawful and usurious lending practices, the

Subclass members are entitled to offset all interest payments against the remaining principal of

their loans. *See* N.J.S.A. 31:1-3.

**WHEREFORE**, as to Count Five, Plaintiff, on behalf of herself and the putative Class

members, hereby requests a Judgment against Defendants, jointly and severally, as follows,

a.   Granting class certification of the Class under Rule 23 of the Federal Rules of
Civil Procedure;

b.  A declaratory judgment that Defendants are precluded from collecting unlawful interest and the usurious loans made and issued by Defendants are void and otherwise unenforceable;

c.  A money judgment for all amounts of unlawful interest collected by the Defendants from the Plaintiff and Subclass including any profits or other benefit enjoyed by Defendants as a result of receiving and using the funds from them;

d.  For compensatory damages;

e.  For nominal damages;

f.  For consequential damages;

g.  For punitive damages;

h.  For attorney's fees, litigation expenses and costs in connection with this action;

i.  For pre-judgment and post-judgment interest; and

j.  For such other and further relief as the Court deems equitable and just.

## XII.    SIXTH COUNT
## Fraud for Plaintiff and the Class

~~109.~~116.        Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

~~110.~~117.        By making and issuing consumer loans to Plaintiff and the Class members, ~~Defendants~~GPF made material misrepresentations that they had the legal right to make and issue consumer loans when they did not.

~~111.~~118.        By collecting or attempting to collect repayment for the loans issued to Plaintiff and the Class members, ~~Defendants~~GPF made material misrepresentations that they had the legal right to collect payments for said consumer loans when they did not.

~~112.~~119.        At the time ~~Defendants~~GPF made and/or issued loans to Plaintiff and the Class members, ~~Defendants~~GPF knew or should have known that they were not legally licensed to do so.

~~113.~~120.        In making, issuing, collecting, and/or attempting to collect Plaintiff's and

the Class members' loans, ~~Defendants~~GPF intended that the Class members rely on their

material misrepresentations that Defendants were licensed to act as consumer lenders.

~~114.~~121.    Plaintiff and the Class members reasonably relied on ~~Defendants'~~GPF's

material misrepresentations that they were legally allowed to make and issue consumer loans.

122.    Amsellem and OpCo are liable for GPF's unlawful behavior as the principals who

dictated the unlawful actions of GPF.

~~115.~~123.    Plaintiff and the Class members have been damaged as a result of their

reasonable reliance on Defendants' misrepresentations that they had the right to make and issue

consumer loans when they did not.

**WHEREFORE**, as to Count Six, Plaintiff, on behalf of herself and the Class members,

hereby requests a Judgment against Defendants, jointly and severally, as follows:

    a.  Granting class certification of the class under Rule 23 of the Federal Rules of Civil Procedure;

    b.  A money judgment for compensatory damages based on Defendants' material misrepresentations and the Class members' resulting reliance and damages;

    c.  A money judgment for punitive damages based on Defendants' material misrepresentations and the Class members' resulting reliance and damages;

    d.  For attorney's fees, litigation expenses and costs in connection with this action;

    e.  For pre-judgment and post-judgment interest; and

    f.  For such other and further relief as the Court deems equitable and just.

### XIII.   SEVENTH COUNT
### Fraudulent Inducement for Plaintiff and the Class

~~116.~~124.    Plaintiff repeats and realleges all prior allegations as if set forth at length

herein.

~~117.~~125.    By making and issuing consumer loans to Plaintiff and the Class members,

~~Defendants~~GPF made material misrepresentations that they had the legal right to make and issue

consumer loans when they did not.

118.126.    By collecting or attempting to collect repayment for the loans issued to Plaintiff and the Class members, DefendantsGPF made material misrepresentations that they had the legal right to collect payments for said consumer loans when they did not.

119.127.    At the time DefendantsGPF made and/or issued loans to Plaintiff and the Class members, Defendants knew or should have known that they were not legally licensed to do so.

128.    Amsellem and OpCo are liable for GPF's unlawful behavior as the principals who dictated the unlawful actions of GPF.

120.129.    In making, issuing, collecting, and/or attempting to collect Plaintiff's and the Class members' loans, Defendants intended that the Class members rely on their material misrepresentations that Defendants were licensed to act as consumer lenders.

121.130.    Plaintiff and the Class members reasonably relied on Defendants' material misrepresentations that they were legally allowed to make and issue consumer loans.

122.131.    Plaintiff and the Class members have been damaged as a result of their reasonable reliance on Defendants' misrepresentations that they had the right to make and issue consumer loans when they did not.

**WHEREFORE**, as to Count Seven, Plaintiff, on behalf of herself and the Class members, hereby requests a Judgment against Defendants, jointly and severally, as follows:

a. Granting class certification of the Class under Rule 23 of the Federal Rules of Civil Procedure;

b. A money judgment for compensatory damages based on Defendants' false misrepresentations and the Class members' resulting reliance and damages;

c. A money judgment for punitive damages based on Defendants' false misrepresentations and the Class members' resulting reliance and damages;

d.  For attorney's fees, litigation expenses and costs in connection with this action;

e.  For pre-judgment and post-judgment interest; and

f.  For such other and further relief as the Court deems equitable and just.

## XIV.  EIGHTH COUNT
### Unjust Enrichment
### Disgorgement on behalf of Plaintiff and the Subclass

~~123.~~132.        Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

~~124.~~133.        The Defendants have been unjustly enriched by the funds that they have received from the Plaintiff and Subclass under open end consumer loans that were not properly made or disclosed.

95.      The Subclass members paid money to Defendants under a mistake of fact since the loans were void under the NJCFLA.

~~125.~~134.        The funds collected by Defendants have conferred a benefit on the Defendants.

~~126.~~135.        Defendants know that that they received a benefit by receiving funds from the Plaintiff and Subclass members.

~~127.~~136.        Plaintiff and the Subclass members reasonably expected fair and lawful remuneration for their payments to Defendants.

~~128.~~137.        Defendants' retention of the benefits conferred on them by the Plaintiff and Subclass based on illegally obtained loans and judgments would be unjust.

~~129.~~138.        Defendants should be ordered to disgorge or provide restitution to the Plaintiff and the Subclass.

~~130.~~139.        The disgorgement or restitution should include any profits or other benefits enjoyed by the Defendants as a result of the receipt of the Plaintiff and Subclass's funds.

**WHEREFORE**, as to Count Eight, Plaintiff, on behalf of herself and the putative

Subclass members, hereby requests a Judgment against Defendants,

    a.   Granting class certification of the Subclass under Rule 23 of the Federal Rules of Civil Procedure;

    b.   A money judgment for restitution or disgorgement of all amounts collected by the Defendants from the Plaintiff and Subclass including any profits or other benefit enjoyed by Defendants as a result of receiving and using the funds from them;

    c.   For compensatory damages;

    d.   For nominal damages;

    e.   For consequential damages;

    f.   For attorney's fees, litigation expenses and costs in connection with this action;

    g.   For pre-judgment and post-judgment interest; and

    h.   For such other and further relief as the Court deems equitable and just.

## XV.   JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial by jury.

Dated: ~~March 3, 2025~~ April 21, 2025          KIM LAW FIRM LLC

                                     */s/ Yongmoon Kim*
                                     Yongmoon Kim
                                     *Attorneys for Plaintiff*