Peter L. Korn, Esq. (NJ Bar No. 2477311968)

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

1300 Mount Kemble Avenue

P.O. Box 2075

Morristown, New Jersey 07962

(973) 993-8100

*Attorneys for Defendant Golden Pear Funding II, LLC,*

*Golden Pear Funding OpCo, LLC, and Daniel Amsellem*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CANALES, *on behalf of herself and those similarly situated*, | DOCKET NO.: ESX-L-006568-23 |
| Plaintiff, | **ORDER** |
| vs. | |
| GOLDEN PEAR FUNDING II, LLC; GOLDEN PEAR FUNDING OPCO, LLC; DANIEL AMSELLEM; and JOHN DOES 1 to 10, | |
| Defendants. | |

# [EXHIBIT A]

**THIS MATTER**, having come to the Court by way of the Motion of Defendant, Golden Pear Funding II, LLC, joined by Golden Pear Funding OpCo, LLC and Daniel Amsellem, (collectively, "Defendants") to Dismiss Plaintiff's Complaint in its entirety pursuant to *Rule* 4:6-2(e), or, in the alternative, *Rule* 4:46, without prejudice, for lack of subject matter jurisdiction pursuant to the forum selection clause applicable to Plaintiff's claims, and for good cause shown:

**IT IS** on this ___7___ day of August, 2024,

**SO ORDERED** that Defendants' Motion to Dismiss is hereby GRANTED; and it is

**FURTHER ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice to the right to pursue the claims asserted in such Complaint in the New York courts.

By: _____

Dated: August 7, 2024

# [EXHIBIT A]

**Statement of Reasons**

This is a putative consumer Class Action pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. (the "CFA"), The New Jersey Truth-in-Consumer Contract, Warranty Notice Act, N.J.S.A. 56:12-14, et seq. (the "TCCWNA") and the New Jersey Consumer Finance Licensing Act, N.J.F.A. 17:11C-3, 33(b) (the "CFLA"). The Defendants Golden Pear Funding II, LLC ("GPF"), Golden Pear Funding OpCo, LLC ("OPCO"), and Daniel Amsellem ("Amsellem") move to dismiss the Class Action Complaint and Jury Demand ("Complaint") of the Plaintiff Maria Canales ("Canales"), on behalf of herself and others similar similarly situated.

The movants seek to enforce a forum selection clause set forth in the agreement between GPF and Canales that is the subject of this litigation and that specifies that the courts of the State of New York are to be the exclusive forum for litigation of disputes arising under the agreement. In addition, the movants contend the Complaint fails to state viable claims for relief against OPCO and Amsellem.

For the reasons set forth herein, the Court grants the motion to dismiss for the lack of subject matter jurisdiction on the basis of the forum selection clause. It dismisses the Complaint against all Defendants without prejudice to the right to pursue the claims asserted in such Complaint in the New York courts. As the Court has determined it lacks jurisdiction over the subject matter, it does not address the other grounds for relief asserted by the movants.

# [EXHIBIT A]

I

The motion to dismiss is predicated on lack of subject matter jurisdiction due to the forum selection clause installed in the agreement between GPF and Canales. The parties do not dispute the facts relevant to the adjudication of the motion insofar as it seeks to enforce this clause. Instead, they dispute the legal consequences of such facts, including the enforceability of the clause and its applicability to the claims asserted against OPCO and Amsellem, who are not parties to the subject agreement.

However, insofar as this is also a motion to dismiss, the Court must determine if it is possible to discern the "fundament" of a cause of action from even an "obscure" statement of the claim. Printing Mart-Morristown, Inc. v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Put differently, the Court must examine the facts alleged in the pleading to determine if a cause of action is suggested by such facts.

On a motion to dismiss, the Court is not concerned with the Plaintiff's ability to prove the claim(s) asserted. Indeed, the Court must accept as true the factual averments of the pleading and confer on the Plaintiff the benefit of all favorable inferences that one could reasonably draw from the facts pleaded in the Complaint. At the same time, the Court is not required to accept as true legal conclusions stated as fact or vague, unsupported, or conclusory averments.

Ordinarily, the Court examines a motion to dismiss on the basis of the pleading only and does not examine matters that are de hors the Complaint. An exception exists for documents or materials to which the Complaint refers or that are attached to the Complaint, matters of public record or documents or materials that are integral to the Plaintiff's claim(s). Banco Popular N. Am. v. Gandi, 184 N.J. 161 (2005). In this case, the Court concludes that it can and should examine the agreement

# [EXHIBIT A]

between Canales and GPF that is attached to the Complaint and that is at the core of the Plaintiff's claim(s).

Courts in New Jersey rarely grant motions to dismiss. When they do, they ordinarily dismiss the pleading without prejudice to a right to re-plead to address deficiencies identified by the Court. But where the pleading is "palpably" insufficient, the Court will grant the motion to dismiss. Rieder v. State, Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987). And where it is apparent that the Plaintiff cannot plead additional facts that would establish a viable claim, the Court will grant a dismissal with prejudice. Nostrame v. Santiago, 213 N.J. 109 (2013).

II

The Court draws the relevant facts principally from the Plaintiff's Complaint. It rehearses the facts pertinent to the disposition of this motion as follows:

The Plaintiff is a New Jersey resident. GPF is a foreign limited liability company with its principal place of business in New York. OPCO is likewise a foreign limited liability company with its principal place of business in New York. Amsellem is a "principal" and registered agent for GPF. The Complaint does not address the nature of the relationship between GPF and OPCO, The Court understands that they are affiliates.

The Plaintiff and GPF entered into a Transfer and Conveyance of Proceeds Security Agreement, dated as of October 10, 2017 (the "Agreement").  At the time, the Plaintiff was party to a then unresolved personal injury litigation she brought against third-parties.

The parties to the Agreement dispute the nature of the Agreement itself. The Plaintiff contends that the Agreement was a loan agreement that was void ab initio for various reasons described infra, including by reason of provisions charging usurious interest.

# [EXHIBIT A]

The Defendants contend that the Agreement does not provide for, and does not give rise to, a loan, noting that the Agreement explicitly so provides. Instead, they assert that the Agreement provides for an advance to the Plaintiff against the anticipated proceeds of a verdict or settlement in the underlying personal injury case. The Defendants point out that the Agreement expressly provides that, if Canales does not secure a judgment or settlement in her favor in her personal injury litigation, she will not have any obligation to pay anything to GPF.

There is no dispute that the Agreement contains the following forum selection clause:
> In the event that there is a dispute regarding any of the matters covered in this Agreement, including but not limited to, enforceability or validity of this contract, the amount owed by the Claimant to Golden Pear Funding, LLC, or any other disputes, the disputes will be resolved according to the laws of the State of New York [.]
>
> [E]ither party has the right to file suit in a court of the State of New York, County of New York, and each of the parties agrees to the exclusive jurisdiction of such courts.

Canales alleges that the loan reflected in the Agreement was void ab initio by operation of N.J.S.A. 17:11C-33(b) of the CLFA. She asserts this is so as GPF did not possess, when it entered the Agreement, a license to function as a consumer lender engaged in the consumer loan business. She contends that GPF was required to secure such a license by the CFLA because the loan contemplated by the Agreement (so the Plaintiff claims) was for an amount of less than $50,000 and the proceeds were intended for personal, household or family purposes.

Canales states that the Agreement provides for interest and fees that exceed the "lawful maximum." She avers that the "Defendants" charged "bogus fees" such as an "'Administrative Fee'" and "Federal Express Overnight Fee.'" The Plaintiff asserts that, because GPF is unlicensed, "they" cannot charge any interest on "open-end loans."

# [EXHIBIT A]

Canales asserts that the "Defendants" failed to provide disclosures under the Truth-in-Lending Act, such as the "annual percentage rate of the loan" and the "interest rate of the loan." She contends that, as the "Defendants" also failed to disclose "that they were not licensed under the [CFLA]," the "Defendants" frustrated Plaintiff's ability to make an informed decision with respect to the Loan." She asserts that she that, had she known the loan was void under the CFLA, she would not have entered the contract or paid on the loan.

The Plaintiff seeks to represent a proposed Class and Subclass of similarly situated individuals. She seeks to pursue a Class Action based on a Class of those who reside in New Jersey and who, from October 7, 2017 to the present, entered into a contract "with any of the Defendants" and a Subclass of individuals who paid any money to the "Defendants" or from whom the "Defendants" collected any money.

The Plaintiff purports to state claims against all Defendants in eight separate Counts. In her First Count, Canales seeks declaratory relief pursuant to the Declaratory Judgements Law, N.J.S.A. 2A:16-53. She alleges that the "Defendants'" engaged in lending without adequate disclosures and upon usurious terms and when not licensed to conduct the transaction. She asserts that such conduct constitutes unlawful and unconscionable commercial practice and otherwise violates the Consumer Fraud Act, N.J.S.A. 56:8-2. She further contends that, under the TCCWNA, she and the Class have the right to petition the Court to terminate the contract.

Canales seeks a declaratory judgment that the "accounts created by the Defendants' lending are unlawful" and that the "interest and other charges are unlawful." She claims entitlement to injunctive relief prohibiting the "Defendants" from collecting "amounts not owed because of unlawful acts or interest and fees in excess of the amount owed by law."

# [EXHIBIT A]

The Second Count purports to allege a claim under the CFLA. The Plaintiff alleges that, under the CLFA, the "Defendants lacked the legal right to make and issue consumer loans and they did not hold a license required by New Jersey Law." She contends that the Defendants violated the CFLA by engaging in the consumer loan business without a license and that the loans "made or issued by Defendants" when not licensed "[sic] void ab initio and cannot be enforced." She seeks injunctive relief against any further attempts to enforce or collect the consumer accounts and attorneys' fees.

The Third Count purports to state a claim for damages under the CFA. Canales asserts that the "Defendants engaged in unconscionable commercial practices, deception, fraud, false premises, false pretenses and/or misrepresentations" in violation of the CFA, including by "making loans without disclosure of finance charges for the open-end loans, making loans without the required licensure, making usurious loans and representing that they had the right to collect on amounts claimed to be due as interest or fees on the loan." The Plaintiff claims entitlement to refund of all monies collected on the loans, treble damages, attorneys' fees and injunctive relief.

The Fourth Count seeks relief under the TCCWNA. The Plaintiff asserts that the Agreement and comparable loan agreements of Class members violate clearly established rights of consumers under the usury laws and the Truth-in-Lending Act. She asserts the Agreement issued by the "Defendants" demanded interest and fees in excess of the amount permitted under New Jersey law and that was not commercially reasonable in the circumstances. She asserts entitlement to injunctive relief, restitution, statutory damages, and attorneys' fees.

The Fifth Count alleges usury. Canales asserts that the "Defendants'" loans provide for interest that exceeds the lawful and allowable interest rate for loans in New Jersey. She claims that, because of usurious lending practices, the "Defendants" forfeit all claims to accrued interest

# [EXHIBIT A]

and that the Plaintiff is entitled to an offset of all interest payments against the principal of the loans. She seeks a declaratory judgment prohibiting the "Defendants" from collecting interest and "Usurious Loans" made by the "Defendants", a money judgement for all interest collected by the "Defendants", disgorgement of profits on funds received, and nominal, compensatory, consequential, and punitive damages and attorneys' fees.

The Sixth and Seventh Counts state claims for fraud and fraudulent inducement. The Plaintiff asserts that the "Defendants" made material misrepresentations that they had the legal right to make the consumer loans to the Plaintiff and the Class and that they have the legal right to collect payments on the loans. The Plaintiff asserts that the "Defendants" knew or should have known that they were not legally licensed to engage in making consumer loans. The Plaintiff avers that the "Defendants" intended to induce reliance on such material misrepresentations that they were licensed to act as consumer lenders. She contends that she and the Class members relied on such misrepresentations to their detriment. The Plaintiff alleges entitlement to compensatory and punitive damages and attorneys' fees.

In the Eighth Count, Plaintiff seeks relief on the basis of a claim predicated on unjust enrichment. Canales asserts that the "Defendants" have been unjustly enriched "by the funds they have received" from the Plaintiff and members of the Subclass under loans that "were not properly made or advanced." She asserts the retention of the payments made to the "Defendants" would be unjust. She claims entitlement to restitution, disgorgement, and nominal, compensatory, and consequential damages and attorneys' fees.

# [EXHIBIT A]

III

The movants seek dismissal of the Complaint on the basis of lack of subject matter jurisdiction due to the forum selection clause set forth in the Agreement. They contend this clause is enforceable as none of the recognized grounds for declining to enforce such a clause – fraud, significantly disparate bargaining power, contravention of public policy, or severe inconvenience – is extant here.

The movants reject the argument that the form selection clause is void and unenforceable given the assertion of Canales that the entire Agreement is void ab initio due to the failure of GPF to have consumer lending licensure required (so she claims) by the CFLA. The movants contend that the forum selection clause addresses the forum in which such disputed assertion will be litigated and that the provision is only void in the event there were fraud or other similar invalidating conduct in relation to the clause itself.

The movants assert that the Court can and should dismiss the Complaint in its entirety in favor of litigation in a New York court. They assert that, because the action – even as to the non-signatory parties – arises from the Agreement, the forum selection clause operates to require the action lodged in this Court to be dismissed. They point out that such outcome would not constitute enforcement of a forum selection clause <u>against</u> a non-signatory, as Canales is a party to the subject Agreement.

OPCO and Amsellem further contend that the Complaint against them fails to state a viable claim for relief, requiring dismissal in any event. They assert that the gravamen of the Plaintiff's claim(s) in this case arises from the Agreement to which neither of these Defendants is a party. They argue that the Plaintiff has improperly grouped them together with GPF as "Defendants"

# [EXHIBIT A]

without specifying the conduct of either OPCO or Amsellem that gives rise to a viable claim against them.

The movants acknowledge that an individual corporate officer can bear liability under the CFA for actions taken in that capacity. But they contend that such liability can be imposed only when the corporate officer participates in some way in the unlawful conduct of the entity. They assert that there are no such allegations lodged in the Complaint as to Amsellem.

The Plaintiff rejoins that the forum selection clause is unenforceable and void along with the Agreement in its entirety. She argues that the CFLA and, specifically, N.J.S.A. 17:11C-33(b), renders void – and not merely voidable – the entire contract. She thus alleges that this is not a claim predicated on a general allegation of fraud or illegality, but rather on a legislative determination of the invalidity of an agreement that violates the statutory requirement.

The Plaintiff contends that enforcement of the forum selection clause – thereby denying the Plaintiff (and the putative Class) her/its chosen forum in New Jersey – is directly contrary to the CFA. She asserts the provision of the CFA that authorizes a private cause of action expressly provides for an action by a plaintiff in "any court" of competent jurisdiction., thereby establishing (so the Plaintiff contends) the right of the Plaintiff to select the forum and trump or invalidate a contractual forum selection clause.

The Plaintiff argues that, in all events, the claims against OPCO and Amsellem must survive and remain lodged in this Court as they are not parties to the Agreement. To hold otherwise, according to the Plaintiff, would permit a non-signatory to a contract to enforce its terms and conditions.

# [EXHIBIT A]

Canales asserts that the pleading adequately alleges facts that, if proved, would establish a right to relief against both OPCO and Amsellem. She points out that New Jersey courts have imposed liability under the CFA without requiring a "piercing of the corporate veil." She asserts that OPCO and Amsellem participated in and benefited from the transaction and, in particular, the excessive interest charged to the Plaintiff. She asserts that the present pleading adequately notifies OPCO and Amsellem of the claims lodged against them.

IV

Forum selection clauses are "prima facie valid and enforceable in New Jersey." Caspi v. The Microsoft Network, LLC, 323 N.J. Super. 118, 122 (App. Div. 1994). New Jersey courts will decline to enforce such a clause only if it fits into one of three exceptions to the general rule: "(1) the clause is the result of fraud or overweening bargaining power; (2) enforcement would violate the strong public policy of New Jersey; or (3) enforcement will seriously inconvenience trial." Paradise Enters., Ltd. v. Sapir, 356 N.J. Super. 96, 103 (App. Div. 2002) (citations and internal quotation marks omitted).

In addition, the Court will not decline to enforce an otherwise valid forum selection clause based on generalized allegations of fraud in relation to the contract of which the clause is a part. Instead, the party asking the Court to disregard a forum selection clause on such grounds must establish that the clause itself is the product or result of fraud. "[W]e conclude plaintiff's general allegations and claims of illegality, even if true, cannot alone serve to invalidate the parties' forum selection clause." Largoza v. FKM Real Estate Holdings, Inc., 474 N.J. Super. 61, 73-74 (App. Div. 2022) (internal citations omitted).

# [EXHIBIT A]

In Largoza, the court stated that "[w]e are persuaded by the logic of the majority approach that invalidating forum selection clauses based on generalized allegations of fraud would too easily allow parties to circumvent such clauses, which are presumptively valid and give effect to the legitimate expectations of the parties." Id. at 76-77. The court determined that a contention that a party fraudulently induced the party to enter a contract fails as a basis for declining to enforce a forum selection clause as such litigant "never contended" that the counter-party "improperly attained their assent to that provision, specifically, a necessary requirement to vitiate such clauses under the majority rule." Id. at 76-77.

In Muzumdar v. Wellness Int.'l Network, Ltd., 438 F. 3d 359, 762 (7th Cir. 2006), the court pointed out the anomaly that would result from refusing to enforce a forum selection clause on the basis that the subject contract was unenforceable. The court stated:

> Appellants also spend a good deal of time trying to convince us that because the contracts themselves are void and unenforceable as against public policy – i.e., they set out a pyramid scheme – the forum selection clauses are also void. The logical conclusion of the argument would be that federal courts in Illinois would first have to determine whether the contracts were void before they could decide, based on the forum selection clauses, whether they should be considering the cases at all. An uncertainty would arise if the courts in Illinois determined that contracts were not void and that, therefore, based on the forum selection clauses the cases should be sent to Texas, for what? A determination that the contracts are void?
>
> [438 F. 3d at762].

The existence of a valid and enforceable forum selection clause vitiates the court's authority to hear the case. The court lacks subject matter jurisdiction if the case is brought in an ineligible forum. Hoffman v. Supplements Togo Mgmt., LLC, 419 N.J. Super. 596, 606 (App. Div. 2011).

The Court concludes the form selection clause contained in the Agreement is valid and enforceable. The Plaintiff has not supplied any reason to decline to enforce it. The existence of the

# [EXHIBIT A]

provision in the parties' Agreement divests the Court of subject matter jurisdiction to hear this case.

The Plaintiff has not established fraud, undue influence, or overweening bargaining power. The record reflects that the Plaintiff had access to counsel in connection with entering the Agreement. There is no undue inconvenience in requiring the Plaintiff to litigate this case in a New York court in accordance with the terms of the contact she voluntarily entered.

The Plaintiff asserts that the Agreement is void by operation of the CFLA as GPF did not have a license required by the statute to engage in the consumer loan business. The Defendant disputes the assertion that the subject transaction was a loan; that the transaction involved the consumer loan business; and that it was required to have a license under the CFLA to engage in the transaction.

More fundamentally, however, courts in New Jersey and elsewhere have concluded that a claim of fraud or illegality of a contract containing a forum selection clause is not sufficient grounds to cause a court to disregard or decline to enforce the parties' contractual choice of forum. The question of forum selection and subject matter jurisdiction is a threshold matter concerning where a dispute will be heard – including a dispute over claimed fraud or illegality that renders a contract void and unenforceable. To hold otherwise would result in precisely the anomaly the Muzumdar court identified. Muzumdar, 433 F. 3d at 762.

The Court concludes the holding in Largoza, 474 N.J. Super. 61, is on all fours and is controlling. To render a forum selection clause unenforceable on the basis of fraud or illegality, the Plaintiff must establish the clause itself is the product of such fraud or illegality. She has not done so.

# [EXHIBIT A]

The Plaintiff asserts that this case is distinguishable from Largoza in that there is a statutory provision applicable to this case that declares the entire contract – and thus the forum selection clause – void. As a result, according to the Plaintiff, this case does not involve a generalized claim of fraud or illegality such as the court identified in Largoza.

But this contention overlooks the essential logic of that holding. The Largoza court, like others, determined that a forum selection clause must be enforced save in circumstances in which the clause itself is somehow illegal or void. A claim that the contract is illegal or void – regardless of the reason – is not of itself a sufficient ground for declining to enforce the parties' choice of forum to resolve their disputes, including a dispute over the validity or enforceability of the agreement at issue. The holding reflects the practical reality that a court must first determine where a dispute can be litigated – and what court is empowered with subject matter jurisdiction to adjudicate the case - before assessing the merits of that case – here, the applicability vel non and import of the CFLA and, in particular, N.J.S.A. 17:11C-33(b) to the subject transaction, all of which is subject to dispute.

Such reasoning applies regardless of the source of the claimed illegality. To hold otherwise would require the Court - in assessing its subject matter jurisdiction - to first determine whether the Agreement was rendered void ab initio due to the failure of GPF to have the allegedly required licensure. If it were to decide that issue in the Defendants' favor, it would perforce then dismiss the action in favor of proceedings on the merits of the case in the courts of New York. But such merits would include assessment of the validity and enforceability of the Agreement. As Muzumdar makes clear, this is an absurd and legally untenable result. To paraphrase the Muzumdar court, if this Court were to determine the Agreement is enforceable and then require the parties to litigate in New York, to what end? To then determine that the Agreement is void?

# [EXHIBIT A]

Likewise, the Court concludes that the Legislature did not intend for the CFA to override contractual forum selection clauses providing for courts in other states to address claims under or relating to an agreement, including claims invoking the CFA and its remedies, merely by conferring on a plaintiff the right to pursue private relief under the Act in "any court" of competent jurisdiction. Had the Legislature so intended, it surely would have made such intention clear with a far more explicit provision than one that merely permits an action in "any court" of competent jurisdiction. Such provision does not by its letter or apparent intendment override a consumer's voluntary agreement to litigate in another state. The Plaintiff has not supplied any authority to the contrary.

The Court also finds that the entire case, including the claims asserted against OPCO and Amsellem, must proceed in a New York court. The examination of the Plaintiff's Complaint detailed above reveals beyond peradventure that all claims – including those asserted against these two Defendants – arise from the Agreement and the transaction it memorializes. Indeed, the Complaint does not differentiate among the Defendants in any way, but groups them together in relation to all material allegations and claims. In the circumstances, these affiliated Defendants have the right to invoke the forum selection clause to determine a proper forum for this litigation. By so concluding, the Court is not enforcing the clause against a non-signatory, as the Plaintiff is a party to the Agreement and voluntarily agreed to the selection of New York courts as the forum for litigation pertaining to the Agreement.

Consider the result if the Court were to determine that the Plaintiff's claim against these Defendants can proceed in this Court. The result would likely be two cases involving the same subject matter proceeding in two different courts at the same time (as the Court presumes the Plaintiff will now initiate her claim against GPF in New York). Putting aside the impact on the

# [EXHIBIT A]

parties and on sound judicial administration, such result gives rise to the potential for inconsistent outcomes. That disposition is illogical, unjust and contrary to the manifest intention of the parties as reflected in the forum selection clause.

For these reasons, the Court dismisses the Complaint, albeit without prejudice to proceed to litigate this case in a New York court. As the Court has determined that it lacks subject matter jurisdiction over this case, it declines to address the contentions raised concerning the adequacy of the pleading. It finds that such matters must be addressed in the proper forum, which in this case is a New York court.

# [EXHIBIT A]