

# GOLDEN PEAR FUNDING

To execute this Security Agreement, please follow the steps below:

- Initial all pages at the bottom of the page where indicated
- Sign and Notarize pages 6 & 7
- Attorney must complete the Attorney Acknowledgement, page 8

Please verify the address on page 1, paragraph 1 of the contract; this will be the address the check will be sent to unless otherwise noted here:

Name: Maria Canales

Street Address: REDACTED    Apt No: REDACTED

City, State, Zip: REDACTED    REDACTED

Email*: _____    Phone Number: REDACTED

*If provided we will notify you of your FedEx Tracking # if this option is selected.

Please indicate your preferred method of delivery and sign.

☐ Pick-up (New York City Office)         No Fee
☐ Regular Mail (USPS) Delivery            No Fee
☒ Federal Express Overnight Delivery**    $35.00 Fee

A $35.00 Federal Express Priority Overnight Delivery** fee will be charged for each delivery. (Fees will be added on the back end and due at the time of payment to Golden Pear).

** For Fed Ex Overnight: An adult 21+ with ID MUST be present to sign for this package**

I hereby authorize Golden Pear to forward my advance as set forth above.

By: Maria A. Canales
    Client Name

Please return the executed Security Agreement via fax to: (212) 792 - 8186

Initials M. A. C.                Page 1

**[EXHIBIT B]**

TRANSFER AND CONVEYANCE OF PROCEEDS
AND SECURITY AGREEMENT

**THIS IS A LEGALLY BINDING CONTRACT. READ IT CAREFULLY BEFORE SIGNING. DO NOT SIGN WITHOUT CONSULTING WITH YOUR ATTORNEY.**

THIS AGREEMENT (the "Agreement") made this 10th Day of October, 2017, by and between Golden Pear Funding II, LLC, a New York limited liability company, with offices at 100 Quentin Roosevelt Blvd., Suite 400, Garden City, New York 11530 (hereafter referred to as "Golden Pear Funding II, LLC"), and Plaintiff, Maria Canales, (hereafter referred to as "Claimant"), residing at REDACTED

## RECITALS

WHEREAS, Claimant has a personal injury claim defined as Maria Canales and/or is a plaintiff in an action or suit against (whether a claim, action or suit, the "Claim"), for the incident that occurred on or about August 23rd, 2016, or any other related actions, (hereinafter referred to as "Lawsuit") or any other related action which shall include, without limitation, any lawsuits or claims in which I am asserting my right to recovery for my injury, whether it is against the defendants named in the lawsuits, or others, and shall include any claims I may or will have for the handling of my original claim or lawsuit.

WHEREAS, Claimant does not have sufficient funds to cover all of his current and ordinary living expenses, has no asset(s) against which to borrow, and has sought funds from other sources but has been unable to find any;

WHEREAS, the Agreement and all of its terms have been fully explained to Claimant and all questions that Claimant might have about this transaction have been fully explained to Claimant in English or such other language that Claimant speaks;

WHEREAS, Claimant has been advised by Golden Pear Funding II, LLC to discuss this matter with their attorney and/or such other legal counsel of their own choosing prior to signing the Agreement and that they have either received such counsel or expressly waived it;

WHEREAS, an undetermined amount of time will be required for Claimant to seek compensation from the Defendant through continued legal action and/or negotiations to otherwise seek to persuade or prevail upon the Defendant to pay the Claimant an amount appropriate and necessary to compensate Claimant for the injuries incurred and/or damages suffered;

WHEREAS, Claimant desires to continue to pursue said claim to seek to obtain a fair and favorable settlement or judgment; and

WHEREAS, in order to afford Claimant sufficient funds to meet certain ordinary and necessary living expenses, Golden Pear Funding II, LLC has agreed to purchase from Claimant the right to receive certain proceeds which may arise from settlement or verdict resulting from the Claim.

[EXHIBIT B]

NOW THEREFORE, Golden Pear Funding II, LLC and Claimant do hereby agree as follows:

1. Upon the signing of this Agreement and the other documents which are described in this Agreement, Golden Pear Funding II, LLC will advance to Claimant the sum of One Thousand Five Hundred Dollars and No Cents ($1,500.00) in exchange for Golden Pear Funding II, LLC's right to receive certain of the proceeds if any, which may arise from the resolution of the claim, according to the terms described below. If prior fundings have been made, fees shall accrue on all prior fundings per their specific contractual terms and shall be added to this current funding. This may result in multiple fundings with separate funding terms.

2. Claimant has been advised that Golden Pear Funding II, LLC is a provider of funds of last resort and that other sources may have more favorable rates and payment schedules. Claimant acknowledges that in the event that Claimant should receive a recovery on its Claim, Golden Pear Funding II, LLC may make a substantial profit from the amounts being provided by Golden Pear Funding II, LLC. Therefore, the Claimant is encouraged to use this method of obtaining funds as a last resort in order to pay for his or her necessary living expenses. The Claimant is encouraged to seek other forms of funding prior to resorting to this Agreement with Golden Pear Funding II, LLC.

3. Claimant understands and agrees that any funds that are advanced to Claimant for the purpose of receiving any medical treatment of any kind, including but not limited to physical therapy, surgery or psychological treatments or therapy, shall be returned to Golden Pear Funding II, LLC immediately in the event Claimant opts not to undergo such treatment for any reason whatsoever. Under these limited circumstances, Claimant shall remain indebted to Golden Pear Funding II, LLC for the return of these funds, together with all appurtenant costs and fees regardless of the outcome of the lawsuit,

4. If any proceeds are recovered from the claim, Claimant will, in addition to the amount advanced to me, be obligated to pay to Golden Pear Funding II, LLC, as a fee, an amount equal to Three Percent (3.00%) per month, compounded monthly on the advanced amount. In addition, Claimant will be obligated to pay an administrative fee of Two Hundred Fifty Dollars and No Cents ($250.00), which will also be subject to the monthly fee compounded monthly.

5. If Claimant is successful, the minimum amount due to Golden Pear Funding II, LLC upon settlement or award of the Claim will be the initial advance plus the application fee, plus Six (6) month(s) of fees, the ("Minimum Term"). This will be due even if Golden Pear Funding II, LLC is paid anytime within the Minimum Term. The fees due to Golden Pear Funding II, LLC after the Minimum Term and each subsequent Three (3) month(s) period will continue to accrue thereafter until Golden Pear Funding II, LLC is paid in full. The fees due to Golden Pear Funding II, LLC will be deducted from Claimant's share of the settlement or award. In calculating the fees due, it is agreed that a partial month will count as a full month.

6. Below is a chart of the payment schedule. If Golden Pear Funding II, LLC is paid after the schedule listed below, fees will continue to accrue as per the terms of this contract. In ALL instances, Golden Pear Funding II, LLC must be contacted for the accurate pay-off amount.

Initials M. H. C.   Page 3

**[EXHIBIT B]**

## TERMS AND FULL DISCLOSURE

| | |
|---|---|
| Advance amount under this contract: | $1,500.00 |
| Advance amounts under all contracts: | $1,500.00 |
| Administrative Fee: | $250.00 |
| Rate: | 3.00% |
| APR: | 36.00% |

*APR calculated using a 12 month term

## REPAYMENT SCHEDULE UNDER ALL CONTRACTS

***Please see Appendix A for full payment schedule

**If payment is made after the final period listed above, payments continue to accrue until Golden Pear Funding II, LLC is paid in full. Always call Golden Pear Funding II, LLC at 212-244-8200 for pay-off amounts.

Initials _M. H. C_                                                                                       Page 4

[EXHIBIT B]

7. Golden Pear Funding II, LLC, in its sole discretion, shall make the advance to Claimant by delivery of check or checks made payable to the Claimant or his/her medical providers. THIS IS NOT A LOAN. This Agreement and the obligation to pay over the proceeds specified herein is totally contingent, speculative and without recourse on the part of Golden Pear Funding II, LLC except for the security interest in the Claim, and any successor claim(s) and/or litigation(s) arising out of the same facts, or arising out of the conduct of the Claim.

8. In the event that Claimant does not receive any award or settlement from the Claim, Claimant will not owe any amounts to Golden Pear Funding II, LLC, and Golden Pear Funding II, LLC shall receive NOTHING. Further, in the event that Claimant receives an award or settlement but, after deduction of reasonable attorneys' fees and court costs, the remaining amount is not adequate to make the full payment which would be due under this Agreement, then Claimant will only be obligated to pay to Golden Pear Funding II, LLC the remaining proceeds from the settlement or award, and shall, upon such payment, not be obligated to pay to Golden Pear Funding II, LLC any additional amounts on account of this Claim, even if the amounts paid to Golden Pear Funding II, LLC do not pay all of the amounts which would otherwise be due.

9. If there is a recovery, Golden Pear Funding II, LLC shall be paid out of the initial proceeds collected before they are used for any other purpose other than the legal fee on the Claim due to the Claimant's attorney and the costs involved in the attorney processing the Claim. It is also agreed that Golden Pear Funding II, LLC will be paid in full prior to Claimant receiving any portion of the proceeds, and Claimant agrees he/she shall not have the right to receive any proceeds until all amounts have been paid to Golden Pear Funding II, LLC. Golden Pear Funding II, LLC's entitlement to payment is not conditioned upon the Claimant settling any additional claim with any insurance carrier. However, the Claimant's obligation to repay Golden Pear Funding II, LLC for the amounts due under this Agreement shall extend to all related claims, including but not limited to Excess Coverage Claims.

10. Should the Claimant die before receiving settlement or award, and/or before Golden Pear Funding II, LLC is paid the amounts due under this Agreement, then the right of Golden Pear Funding II, LLC to receive the amounts due under this Agreement shall remain an obligation secured by such settlement and award and it shall be binding upon the Claimant's estate.

11. In order to secure the Claimant's payment of the amounts due to Golden Pear Funding II, LLC, Claimant grants to Golden Pear Funding II, LLC a security interest in the cash proceeds, if any, of the Claim. Claimant agrees to execute and deliver to Golden Pear Funding II, LLC an Assignment of Proceeds of the Claim, such Assignment to be in form set forth on Schedule 'A', attached hereto and made a part hereof. Claimant further agrees to execute, acknowledge, and deliver such security agreements or other documents and take such other actions necessary, appropriate, or reasonably requested by Golden Pear Funding II, LLC to confirm Golden Pear Funding II, LLC's interest in the proceeds. Further, Claimant authorizes Golden Pear Funding II, LLC to obtain information concerning the facts on which the claim is based, copies of pleadings, motions, rulings, and other documents filed or issued in connection with the Claim and reports on the procedural progress of the Claim. Claimant shall not create or allow the creation of any security interest in or encumbrance on the proceeds of the Claim other than (a) a security interest, lien or encumbrance in favor of Golden Pear Funding II, LLC and (b) any statutory lien arising by operation of applicable law in favor of Claimant's Attorneys.

12. If for any reason the assignment of proceeds shall not be permitted by law or shall otherwise not be effective, or if the Claimant's attorney fails to pay to Golden Pear Funding II, LLC the amounts required by this Agreement, the Claimant acknowledges that Claimant shall be obligated immediately upon receipt of the proceeds from the Claim, to pay to Golden Pear Funding II, LLC, the amounts due. The company reserves the right to file a Uniform Commercial Code (U.C.C.) at its sole discretion to protect the litigation funding lien in this matter.

13. In the event that the Claimant commences or has commenced against him or her any case or other proceeding pursuant to any bankruptcy, insolvency, or similar law prior to Golden Pear Funding II, LLC receipt of the amounts due hereunder, Claimant shall cause the interest of Golden Pear Funding II, LLC in the proceeds of the Claim to be described as an asset of Golden Pear Funding II, LLC in any oral or written

Initials M. A. C.                                                                                                                   Page 5

[EXHIBIT B]

communication, including but not limited to, any schedule or other document, made or filed in connection with any such case or proceeding. In no event shall Claimant permit the interest of Golden Pear Funding II, LLC in the proceeds of the Claim to be described as a debt or obligation of Claimant to Golden Pear Funding II, LLC in any such communication. However, this paragraph will be binding only to the extent it complies with the U.S. Bankruptcy Law.

14. Claimant is not aware of any claims, liens, or judgments, asserted or unasserted, against the Claimant which would materially impair the rights, value, priority, or collectability of the rights assigned to Golden Pear Funding II, LLC hereunder. Claimant agrees to refrain from causing or permitting any liens by other funding companies to be placed upon Claimant's Claim without the prior written consent of Golden Pear Funding II, LLC. Claimant knows of the existence of no liens other than the following:

_____

_____

15. Claimant represents and warrants unto Golden Pear Funding II, LLC that as of the date of this Agreement (a) Claimant believes the Claim to be meritorious and filed in good faith; (b) Claimant has complete right, title and interest in and to the Claim and full power and authority to make and execute this Agreement; (c) Claimant has not and will not assign or encumber the proceeds from the Claim, except as otherwise provided herein; and (d) there is no other assignment, lien, encumbrance or security interest of any kind or nature in or relating to the proceeds other than discussed in paragraph 13.

16. Claimant has the power, authority, and competence to enter into this Agreement, and does so willingly and freely. All approvals, actions, and consents required to authorize Claimant to enter into this Agreement and to carry out Claimant's Agreement hereunder have been obtained and taken and, upon execution by Claimant, this Agreement and all documents contemplated to be signed by Claimant herein shall be valid and binding obligations and undertakings of Claimant. Entering into this Agreement and carrying out the actions provided for in this Agreement and the Exhibits will not cause Claimant to be in breach or violation of any other agreement or legal obligation to which Claimant is a party or subject.

17. Claimant shall use his best efforts and exercise good faith to pursue Claimant's rights to bring the Claim to good faith settlement or final judgment; and to enforce collection of all money due under any Judgment, including any settlement with Judgment Debtor(s).

18. This Agreement is expressly intended to only transfer, convey and relinquish control over a specified portion of the proceeds which may be received, which may flow from, and as a result of a successful result to the Claim referred to above. This Agreement is not an assignment, nor a purchase of any right, chose in action, cause of action, or claim which

Claimant may have or possess as against any responsible party, respondent or defendant referred to herein. Golden Pear Funding II, LLC has no right to prosecute the Claim on Claimant's behalf. Golden Pear Funding II, LLC contemplates no control, input, influence, right or involvement of any kind regarding any right, or interest of Claimant in the Claim.

19. Golden Pear Funding II, LLC has based its decision to purchase this interest in the Claim on various factors, including but not limited to, the potential value of the Claim, the liability of the Defendants, the injuries suffered by the Claimant, and statements made by Claimant in the Agreement and it its application. Claimant confirms that all of the statements are true and correct. Claimant is aware that if he has made any material misrepresentation to Golden Pear Funding II, LLC, Golden Pear Funding II, LLC would have the right to seek recovery of the amounts paid to Claimant and all fees, which would be due under this Agreement.

20. Golden Pear Funding II, LLC has also based its decision to enter into this Agreement on the expertise and competence of the Claimant's attorneys. If the Claimant intends upon changing counsel, the Claimant must provide Golden Pear Funding II, LLC with written notice including the name, the address and the telephone number of the Attorneys to be substituted. If Claimant changes his/her attorney(s) after signing this Agreement, Claimant and Claimant's attorney each shall give immediate written notice by certified mail return receipt requested, to Golden Pear Funding II, LLC at 100 Quentin Roosevelt Blvd., Suite 400,

[EXHIBIT B]

Garden City, New York 11530, of the identity, address and phone numbers of Claimant's new attorney(s), and Claimant shall also authorize and direct Claimant's new attorney to make payments in accordance with this Agreement.

21. This Agreement is being made with the full knowledge of the Claimant's Attorney. Claimant's Attorney further agrees to honor this Agreement and upon the resolution of the Claim, to pay to Golden Pear Funding II, LLC the amounts required by this Agreement. Claimant's attorney has provided no legal advice to the Claimant regarding this Agreement and neither encourages, nor discourages same. However, Claimant's Attorney has read this entire Agreement and has fully explained it to the Claimant and the Claimant has advised the attorney that he and/or she understands the same. Claimant shall, and does hereby require and direct his/her attorney(s) to execute this Agreement. By execution hereof, Claimant's attorney(s) acknowledges receipt of and actual notice of this Agreement and agrees to disburse the proceeds as set forth herein above.

22. All parties to this Agreement acknowledge that by execution hereof, Claimant's Attorney is solely and merely following Claimant's instructions. Claimant's attorney is making neither representation nor guarantee, inferred, expressed or implied; concerning either the merits or value of the Claim referred to herein to any party. Further, all parties to this Agreement acknowledge that Claimant's Attorney assumes no affirmative duties herein other than the ministerial obligations of disbursement, and conveying information contained herein.

23. Claimant hereby authorizes his attorney(s) to release to Golden Pear Funding II, LLC any information, files, records, documents and legal pleadings regarding the Claim requested by Golden Pear Funding II, LLC, who agrees to treat such information as privileged and who shall receive and review these materials solely in the limited capacity necessary for this Agreement.

24. By signing this contract Claimant authorizes any Bank, Lending Institution, Investor, or Potential Investor to review this Agreement.

25. Claimant agrees that the laws of the state of New York will apply to this Agreement.

26. In the event that there is a dispute regarding any of the matters covered in this Agreement, including but not limited to, enforceability or validity of this contract, the amount owed by the Claimant to Golden Pear Funding II, LLC, or any other disputes, the disputes will be resolved according to the law of the State of New York and may be submitted to arbitration by either side according to the rules of the American Arbitration Association, 1633 Broadway, New York, NY 10019-6708. Both parties shall be responsible for the reasonable expenses related to such arbitration provided that if the matter is resolved through the arbitration, the arbitration shall award to the prevailing party all reasonable costs and expenses. In the event of such a dispute, Claimant agrees that an amount equal to one and one half times the entire amount claimed due by Golden Pear Funding II, LLC, which shall include the initial amount advanced plus the fees due thereon to the date of submission to arbitration, will be held in escrow by Claimant's attorney until such time as the dispute is resolved.

27. In lieu of arbitration either party has the right to file suit in a court in the State of New York, County of New York, and each of the parties agrees to the exclusive jurisdiction of such courts. The prevailing party in such action, in addition to the amounts due, shall also be entitled to recover their reasonable attorney's fees and expenses.

28. Although each of the parties acknowledges that Golden Pear Funding II, LLC is not making a loan to the Claimant, if for any reason a court of competent jurisdiction shall determine the amounts paid by Golden Pear Funding II, LLC is a loan, then, interest will accrue at the maximum rate permitted by law.

29. Golden Pear Funding II, LLC may assign, sell, or pledge this contract to another person or entity, and the Claimant's obligation will remain the same.

30. This Agreement may not be modified or terminated orally or by any other course of conduct, but only by Agreement in writing duly executed by Claimant and Golden Pear Funding II, LLC.

[EXHIBIT B]

31. NEW YORK CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDING FROM GOLDEN PEAR FUNDING II, LLC.

   In order for the cancellation to be effective, Claimant(s) understands they must return all money given to Claimant by Golden Pear Funding II, LLC simultaneously with Claimant's rescission. I may do this by making personal delivery to Golden Pear Funding II, LLC's offices: (a) the un-deposited (or un-cashed) check that Golden Pear Funding II, LLC gave Claimant; (b) a Certified or Bank Check in the exact amount that Golden Pear Funding II, LLC gave Claimant or (c) a Money Order in the exact amount that Golden Pear Funding II, LLC gave Claimant. Claimant may also mail by insured, registered or certified US mail, postmarked within five (5) business days of receipt of the funds from Golden Pear Funding II, LLC, a notice of cancellation together with Golden Pear Funding II, LLC's un-cashed check, certified check, bank check or money order for the full amount of the disbursed funds to 100 Quentin Roosevelt Blvd., Suite 400, Garden City, NY 11530.

32. Claimant confirms that all questions have been answered by Golden Pear Funding II, LLC to Claimant's satisfaction.

33. Claimant understands that any attached Schedules are each hereby made a part of this Agreement.

34. Claimant agrees to provide Golden Pear Funding II, LLC with prompt written notice if Claimant changes his address.

35. This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated by this Agreement. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns. In the event any one or more of the covenants, terms and conditions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the validity, liability, or enforceability of any other covenant, term or condition in this Agreement.

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT.**

By signing below, the undersigned Claimant confirms his agreement to the foregoing terms.

_10/9/17_
Dated

_Maria A Canales_
Maria Canales

State of _New Jersey_
County of _Essex_    ss:

On this _9_ day of _October 2017_, before me, the undersigned, personally appeared, Maria Canales, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or person upon behalf of which the individual acted executed the instrument.

_Debra Ann Mulvihill_
DEBRA ANN MULVIHILL
Notary Public
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 4, 2022

Initials _M.A.C_    Page 8

[EXHIBIT B]

## ATTORNEY'S CERTIFICATION

I, Brian Dratch, the undersigned attorney ("Attorney") confirm that I am the attorney of record for the above named Claimant, Maria Canales. I have reviewed the foregoing Agreement with the Claimant, and have explained to him/her the terms, including the annual rate of return which will used to calculate the amount to be paid to Golden Pear Funding II, LLC.

I acknowledge that the Claimant has assigned to you a portion of the proceeds which may arise from the Claim and I agree to distribute any proceeds arising from the Claim in accordance with the terms of the Agreement. In the event that I cease representing the Claimant at any time, I will immediately give written notice via certified mail, return receipt requested, to Golden Pear Funding II, LLC located at 100 Quentin Roosevelt Blvd., Suite 400, Garden City, New York 11530.

In addition, I shall comply with all reasonable requests by Golden Pear Funding II, LLC to provide documentation relating to the Litigation and shall notify Golden Pear Funding II, LLC within 5 (five) business days in writing regarding same. These reasonable requests include without limitation, status updates of the Litigation.

I hereby confirm that the Claim is still an active litigation, and there are presently no motions pending for final disposition of this matter; nor do I have any knowledge of any other funding arrangements or liens against the proceeds; however I make no statement, render no opinion, and proffer no guarantee as pertains to the possibility of recovery of any proceeds as a result of the Claim.

Upon repayment of said lien, **ALWAYS** call for an accurate payoff. Additionally, checks should be sent to the following location(s) **UNLESS EXPRESSLY STATED OTHERWISE:**

**IF REPAYMENT IS SENT BY US MAIL EXCLUSIVELY:**
*this address **does not** accept courier service deliveries

Golden Pear Funding II, LLC
P.O. Box 205566
Dallas, TX 753205566

**IF REPAYMENT IS SENT BY COURIER SERVICE (E.G., FEDEX, UPS ETC.)**
*this address **does not** accept US Mail service deliveries

Lockbox Services – 205566
Golden Pear Funding II, LLC
2975 Regent Blvd.
Irving, TX 75063

10/10/17
Dated

On Behalf of Franzblau & Dratch
Brian M. Dratch
Print Name

Initials M. D. C.                                                                                         Page 9

**[EXHIBIT B]**

## SCHEDULE A
## ASSIGNMENT OF PROCEEDS

Maria Canales ("Claimant") makes this Assignment of Proceeds (this "Assignment") to Golden Pear Funding II, LLC, a New York Corporation, on the following terms:

1. Claimant hereby assigns and transfers to Golden Pear Funding II, LLC all of his/her right, title, and interest in and to the Proceeds (the "Proceeds"), if any, of that certain Claim owned by Claimant and more fully described in TRANSFER AND CONVEYANCE OF PROCEEDS AND SECURITY AGREEMENT attached hereto and made a part hereof, as continuing and collateral security for the payment of obligations due and owing from Claimant to Golden Pear Funding II, LLC, its successors or assigns, pursuant to that Agreement on the date set forth below between Claimant and Golden Pear Funding II, LLC (the "Agreement"). Claimant hereby acknowledges that the Assignment evidenced hereby is intended to and shall vest in a present right to the Proceeds to the extent of the obligations due and owing Golden Pear Funding II, LLC pursuant to the Agreement.

2. Claimant hereby authorizes and instructs his attorneys, their successors and assigns and any attorney subsequently engaged by Claimant with respect to this Claim, whether in addition to or in substitution for his attorneys, their successors and assigns, to recognize Golden Pear Funding II, LLC's rights herein set forth, whether or not notice thereof was given by Golden Pear Funding II, LLC to said attorney, and to pay to Golden Pear Funding II, LLC from and out of the Proceeds, any amount due and owing from Claimant to Golden Pear Funding II, LLC pursuant to the Agreement. Claimant hereby releases attorney from liability for Proceeds paid by said attorney to Golden Pear Funding II, LLC pursuant to the foregoing sentence. Claimant hereby acknowledges and agrees that Golden Pear Funding II, LLC shall be authorized to file an executed copy of this Assignment of Proceeds with Attorney for the purpose of providing notice of the existence of the Assignment and of its rights hereunder.

3. Upon payment to Golden Pear Funding II, LLC of the Proceeds in full satisfaction of Claimant's obligations under the Agreement, this Assignment will be void and of no further effect. This Assignment shall be binding upon Claimant and each successor and assignee of Claimant and shall inure to the benefit of, and be enforceable by, Golden Pear Funding II, LLC and each successor and assignee of Golden Pear Funding II, LLC.

4. This Assignment shall be governed by and construed, interpreted, and enforced in accordance with the internal laws of the State of New York, without regard to principles of conflict of laws.

5. Claimant authorizes and directs his Attorney to issue a check directly to and payable to Golden Pear Funding II, LLC as soon as the settlement or award Proceeds are available for payment. No further permission by Claimant is required at any time.

6. The sole purpose of this Assignment is to secure Golden Pear Funding II, LLC right to receive the amounts paid to or on account of the Claimant and all fees which may be due in connection with such payment as described in this Agreement at the conclusion of the Claim.

7. This Assignment in no way assigns to or entitles Golden Pear Funding II, LLC to bring, commence, or maintain legal action on Claimant's Claim for personal injury. The right to prosecute, maintain or commence such Claim, or any Claims related thereto, remains the sole right of Claimant.

8. Claimant gives this Assignment in consideration of Golden Pear Funding II, LLC's purchase of the right to receive certain proceeds from the Claim, which purchase was made to help defray Claimant's living expenses.

Initials M. A. C.    Page 10

**[EXHIBIT B]**

**SCHEDULE B**
**Golden Pear Funding II, LLC**
**DISCLOSURE**

This disclosure contains important information about the Agreement you may enter into with Golden Pear Funding II, LLC. Please read this disclosure carefully before you sign the Plaintiff Agreement.

1. The funds that Golden Pear Funding II, LLC advances under the Agreement are treated as an investment, not a loan, because Golden Pear Funding II, LLC does not recover the funds if your lawsuit is not successful. As a result, the cost of obtaining funds from Golden Pear Funding II, LLC takes into account Golden Pear Funding II, LLC's risk that it will not recover its investment in all cases. This means that the costs to you of obtaining funds from Golden Pear Funding II, LLC will be high.

2. In connection with the Agreement, you must sign an Assignment of Proceeds.
   This document directs your Attorney to pay Golden Pear Funding II, LLC the amounts you owe under the Agreement from any recovery you receive from your lawsuit. A copy of this document will be given to your Attorney. If you change Attorneys before you pay to Golden Pear Funding II, LLC all amounts you owe under the Agreement, Golden Pear Funding II, LLC will have the right to receive payment from your new Attorney. You will be required to notify Golden Pear Funding II, LLC whenever you change your attorney.

3. If you are involved in a bankruptcy proceeding before you pay Golden Pear Funding II, LLC all amounts due under the Agreement, the Agreement requires you to disclose to the bankruptcy court that Golden Pear Funding II, LLC owns portion of any recovery you receive from your lawsuit. Because the funds advanced by Golden Pear Funding II, LLC are an investment, not a loan, your obligations to Golden Pear Funding II, LLC will not be discharged or reduced as a result of the bankruptcy proceeding.

4. Under the Agreement, Golden Pear Funding II, LLC may advance funds to you in its discretion. This means that Golden Pear Funding II, LLC is not required to advance any specific amount of funds and can discontinue making advances of funds at any time. Even though Golden Pear Funding II, LLC may decide not to advance funds at any time, you must still comply with your obligations under the Agreement with respect to any funds previously advanced to you by Golden Pear Funding II, LLC.

IN WITNESS WHEREOF, Claimant hereby executes the Agreement as of the    dates set forth below:

_Maria A Canales_  10/9/17
Maria Canales / Date

STATE OF NEW JERSEY
                           SS:
COUNTY OF ESSEX

On this 9th day of Oct. 2017, before me, the undersigned, personally appeared, Maria Canales, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity; and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Debra Ann Mulvihill_
Notary Public

DEBRA ANN MULVIHILL
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 4, 2020

Initials M.A.C.                                     Page 11

**[EXHIBIT B]**

**APPENDEX A:**

| Paid on or Before | Total Due |
|---:|---:|
| 11/10/17 | $2,089.59 |
| 12/10/17 | $2,089.59 |
| 1/10/18 | $2,089.59 |
| 2/10/18 | $2,089.59 |
| 3/10/18 | $2,089.59 |
| 4/10/18 | $2,089.59 |
| 5/10/18 | $2,283.35 |
| 6/10/18 | $2,283.35 |
| 7/10/18 | $2,283.35 |
| 8/10/18 | $2,495.08 |
| 9/10/18 | $2,495.08 |
| 10/10/18 | $2,495.08 |
| 11/10/18 | $2,726.44 |
| 12/10/18 | $2,726.44 |
| 1/10/19 | $2,726.44 |
| 2/10/19 | $2,979.26 |
| 3/10/19 | $2,979.26 |
| 4/10/19 | $2,979.26 |
| 5/10/19 | $3,255.52 |
| 6/10/19 | $3,255.52 |
| 7/10/19 | $3,255.52 |
| 8/10/19 | $3,557.39 |
| 9/10/19 | $3,557.39 |
| 10/10/19 | $3,557.39 |
| 11/10/19 | $3,887.26 |
| 12/10/19 | $3,887.26 |
| 1/10/20 | $3,887.26 |
| 2/10/20 | $4,247.71 |
| 3/10/20 | $4,247.71 |
| 4/10/20 | $4,247.71 |
| 5/10/20 | $4,641.59 |
| 6/10/20 | $4,641.59 |
| 7/10/20 | $4,641.59 |
| 8/10/20 | $5,071.99 |
| 9/10/20 | $5,071.99 |
| 10/10/20 | $5,071.99 |

Initials M. D. C.                                                                                  Page 12

[EXHIBIT B]