UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARIA CANALES, on behalf of herself and
those similarly situated,

        Plaintiff,

                                        No. 24-CV-6512-LTS

    -v-

GOLDEN PEAR FUNDING II, LLC,
GOLDEN PEAR FUNDING OPCO, LLC,
DANIEL AMSELLEM, JOHN DOES 1 TO
10,

        Defendants.

--------------------------------------------------------x

ORDER

The Court has received and reviewed Defendants' memorandum of law in support of their motion to dismiss (docket entry no. 23-1 ("Defs. Mem.")), Plaintiff's brief in opposition (docket entry no. 27 ("Pl. Mem.")), and Defendants' reply (docket entry no. 32 ("Reply Mem.")). Applying New York's "borrowing statute," N.Y. C.P.L.R. § 202, Defendants argue that Plaintiff's claims, which accrued in 2017 and were first asserted in a pleading in 2023, are time-barred. (Defs. Mem. at 6-9.) Plaintiff responds that New Jersey's equitable tolling rules render her claims timely. (Pl. Mem. at 7-14.) Neither party, however, discusses the tolling periods that were effective in New Jersey and New York in the wake of the COVID-19 pandemic. See Afanassieva v. Page Transp., Inc., No. 21-3090, 2022 WL 7205009, at *1 (2d Cir. Oct. 13, 2022) ("At the start of the COVID-19 pandemic, New Jersey's Chief Justice issued a series of orders extending New Jersey filing deadlines for 56 days. New York's Governor issued executive orders tolling New York statutes of limitations for 228 days." (footnote omitted)). "When applying another state's statute of limitations pursuant to N.Y. C.P.L.R. 202, '[a]ll the extensions

and tolls applied in the foreign state must be imported with the foreign statutory period, so that the entire foreign statute of limitations . . . applie[s], and not merely its period.'" Thea v. Kleinhandler, 807 F.3d 492, 500 (2d Cir. 2015) (alterations in original) (quoting Smith Barney, Harris Upham & Co. v. Luckie, 647 N.E.2d 1308, 1316 (N.Y. 1995)).  The tolling orders in New Jersey and New York may therefore be relevant to assessing whether Plaintiff's claims are time-barred.

The Court also notes that Defendants argue, for the first time in reply, that Plaintiff's "fraud-based claims" fail to state a claim against any of the Defendants under the heightened standard of Rule 9(b) of the Federal Rules of Civil Procedure.  (See Reply Mem. at 7.)  Defendants' opening arguments focused solely on the statutes of limitations and failure to state a claim against only the non-contracting Defendants.  (See Defs. Mem. at ii, 6-18.)  The Court requires additional clarification of the parties' positions on each of these issues.

The Court directs Defendants to file a supplemental brief, no later than **7 days** from the entry of this Order and not to exceed 3,000 words, that addresses the applicability of New Jersey and New York's COVID-19-era tolling orders to the timeliness of Plaintiff's claims. Plaintiff is also directed to file a supplemental brief in response no later than **14 days** from the

entry of this Order, which shall not exceed 3,000 words.  Defendants may file a reply no later than **21 days** from the entry of this Order, which shall not exceed 1,000 words.

Additionally, the Court directs Plaintiff to file a sur-reply in response to Defendants' argument on Rule 9(b) no later than **14 days** from the entry of this Order, which shall not exceed 3,000 words.

SO ORDERED.

Dated: New York, New York
June 10, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge